IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT COURT
EL PASO DIVISION

| | | |
|---|---|---|
| IGNACIO MORENO, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Cause No: 3-19-CV-00289-EP |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW** the Plaintiff, Ignacio Moreno, by and through counsel of record, Law Office of Fredrick Mandell (Fredrick Mandell) and for his Original Complaint hereby states:

### A. PARTIES

1. Plaintiff, Ignacio Moreno, an individual, is a citizen of the State of Texas residing in El Paso County, Texas.

2. Defendant UNITED STATES OF AMERICA is a governmental entity and may be served with process by serving the Attorney General for the Western District of Texas, John Bash, or an assistant United States Attorney or a clerical employee designated by the U.S. Attorney to accept service at 601 NW Loop 410, Suite 600, San Antonio, Texas 78216 or 700 East San Antonio, Suite 200, El Paso, Texas 79901 by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney General to include a copy of the summons and complaint. Pursuant to FRCP 5.5.1, Defendant THE UNITED STATES OF AMERICA will also be served with process by serving the U.S. Attorney General by registered or certified mailed addressed to U.S. Attorney General, Department of Justice, 950 Pennsylvania, N.W., Washington,

D.C. 20530 to include a copy of the summons and complaint.

## B. JURISDICTION

3. This Court has jurisdiction over the lawsuit under Federal Tort Claims Act, 28 USC 2671, et seq. and 28 USC § 1346(b)(1) because this case involves a civil action against the United Sates and its employee, for money damages, accruing on and after Janaury 1, 1945, for injury or personal injury or death caused by the negligent or wrongful act or ommission of Defendant Lerrod Freeman, an employee of the United States while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

4. Plaintiff previously submitted his claim to Defendant as required by 26 U.S.C. 2675 and such claim was finally denied by the Drug Enforcement Agency, United States Department of Justice, as reflected in correspondence dated September 16, 2019, atatched hereto as Exhibit A. Suit has been timely filed.

## C. VENUE

5. Venue is proper in the district under 28 U.S.C. § 1402(a)(1) because Plaintiff Ignacio Moreno at all material times was a resident of El Paso County, Texas. Moreover venue is proper under 28 § 1402(b) beause all acts and omissions which form the basis of this Original Complaint occurred in El Paso Couty, Texas.

## D. FACTS

6. This lawsuit results from a vehicle collision that occurred on November 15, 2017, in El Paso, El Paso County, Texas in a private parking lot located at 2350 George Dieter Drive.

7. At the time of the accident Plaintiff Ignacio Moreno was driving out of the parking lot

7. when a vehicle being driven by Defendant Lerrod Freeman backed into Plaintiff's vehicle. Defendant United States (Drug Enforcement Agency and United States Department of Justice), Agent Lerrod Freeman, while in the course and scope of his employment as an employee of Defendant United States of America, was driving a U.S. Department of Justice vehicle displaying license plate number CKX5066.

### E. CAUSE OF ACTION FEDRAL TORT CLAIMS ACT

8. Said collision and Plaintiff's damages were proximately caused by Defendant United States employee's violation of the laws of the State of Texas and of the United States of America constituting negligence per se.

9. Defendant United Sates owed a duty of reasonable degree of care to Plaintiff. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by the negligence pf Defendant United States of America and Agent Lerrod Freeman in the course and scope of his employment with Defendant United States arising from one or more of the following alternative theories of negligence: Plaintiff asserts the theory of respondent superior of Defendant United States.

   a) Failure to keep a proper lookout;

   b) Failure to maintain an assured, clear stopping distance between the vehicle and pedestrian;

   c) Failure to use due care in operating a motor vehicle;

   d) Failure to safely apply brakes to avoid a collision;

   e) Failure to take proper evasive action;

   f) Failure to pay attention; and

   g) Other acts of negligence.

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts, or omissions was a proximate cause of Plaintiff's damages.

10. Defendant United States' acts or omissions were other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiff's damages.

   a) That on November 15, 2017, Defendant United States was negligent by entrusting control and operation of the motor vehicle which was under their ownership and control to Agent Lerrod Freeman.

   b) Other acts of negligence.

Each of which acts, or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts, or omissions was a proximate cause of Plaintiff's damages.

### F. NEGLIGENCE OF AGENT LERROD FREEMAN

11. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of Agent Lerrod Freeman:

   a) Failure to keep a proper lookout;

   b) Failure to use due care in operating a motor vehicle;

   c) Failure to safely apply brakes to avoid a collision;

   d) Failure to take proper evasive action;

   e) Failure to pay attention;

   f) Failure to yield the right of way; and

g) Other acts of negligence.

Each of which acts, or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts, or omissions was a proximate cause of Plaintiff's damages.

## G. DAMAGES OF PLAINTIFF

12. As a result of the occurrence, Plaintiff suffered severe bodily injuries. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

13. As a result of the occurrence, Plaintiff has lost income in the past and has incurred lost future wage earning capacity. Plaintiff has suffered pain and suffering in the past Plaintiff will continue to suffer mental pain and anguish in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to his body. Plaintiff has suffered and will continue to suffer disfigurement. Plaintiff has suffered damages within the jurisdictional limits of this Court

14. As a result of the occurrence, Plaintiff suffered property damage to his vehicle. Plaintiff seeks compensation for the damage to his vehicle along with the reasonable cost of renting a car and diminution in value for his vehicle.

## H. **PRAYER**

15. WHEREFORE, PREMISES CONSIDERED, Plaintiff, Ignacio Moreno, prays that Defendant be cited to appear and answer herein, and this cause be set for trial, and Plaintiff recover judgement of and from Defendant for his damages in such amount as the evidence may show and that may be deemed to be proper, together with prejudgment and post-judgment interest, and for such other and further relief, both general and specific, at law and equity, to which Plaintiff may be justly entitled, and for any and all other relief this Court deems appropriate.

Respectfully submitted,

**LAW OFFICE OF FREDRICK MANDELL**
Attorney for Plaintiff
609 Laurel
El Paso, Texas 79903
(915)   351-7959
FAX (915) 351-2810
E-Mail: fmandell3@gmail.com

By: _____
**FREDRICK MANDELL**
State Bar No.  24032691



**U.S. Department of Justice**
Drug Enforcement Administration
Office of Chief Counsel (CCL/SNJ)
Civil Litigation Section
8701 Morrissette Drive
Springfield, Virginia 22152

Fredrick Mandell – Attorneys & Counselor at Law
Obo Ignacio Moreno
609 Laurel
El Paso, TX 79903

September 16, 2019

Re:  Your Insured:      Ignacio Moreno
     Date of Accident:  November 15, 2017

**EXHIBIT A**

Dear Mr. Mandell:

This is to acknowledge receipt of your client's Standard Form 95, Claim for Damage, Injury, or Death, dated August 30, 2019, which was forwarded to the Office of Chief Counsel of the Drug Enforcement Administration. It appears that you are seeking compensation on behalf of your client, Ignacio Moreno, for property damage and personal injury that were incurred as a result of the above-referenced automobile accident involving an Official Government Vehicle.

As a result, this office is willing to offer your client $8,964.12 in full and final settlement of this claim. If your client is willing to accept this amount in full and final settlement of this claim, please sign and return the enclosed FS Form 197 - Voucher for Payment. Please be sure to provide your client's Social Security Number for payment purposes (FS Form 197 - No. 7.).

Upon receipt of the form, and subject to the availability of funds, this claim will be processed for payment. If further assistance is needed regarding this matter, you may contact Shanette Joyner, Paralegal Specialist, at 202-307-9824.

Sincerely,

Marcia N. Tiersky
Associate Chief Counsel
Civil Litigation Section

Enclosure